[Cite as *Mohn v. Ousley*, 2015-Ohio-5402.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID MOHN | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2015CA00073 |
| STEVEN R. OUSLEY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                                        Common Pleas, Case No. 2014CV2335


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:        December 21, 2015


APPEARANCES:


For Plaintiff-Appellee                         For Defendant-Appellant


ROBERT E. SOLES, JR.                      ROBERT W. ECKINGER
KARA DODSON                                  Eckinger Law Officers, Ltd.
Law Offices of Robert E. Soles, Jr. Co.  1611 North Main Street, Suite A
6545 Market Ave. N.                          North Canton, Ohio 44720
North Canton, Ohio 44721

*Hoffman, P.J.*

{¶1} Defendant-appellant Steven R. Ousley appeals the April 14, 2015 Judgment Entry entered by the Stark County Court of Common Pleas granting a writ of restitution in favor of Plaintiff-appellee David Mohn.

STATEMENT OF THE FACTS AND CASE

{¶2} On or about August 4, 2008, Appellant Steven R. Ousley entered into a Land Installment Contract with Anthony and Dawn Risaliti (2008 Land Installment Contract) pursuant to which he agreed to purchase real property located at Swallen Avenue N.E. in Nimishillen Township, Ohio. The property consisted of 5.249 acres of real property Ousley agreed to pay a total purchase price of $125,000 for the property, consisting of a down payment of $30,000 and a balance of $95,000 to be paid in eighty-four monthly installments at an interest rate of eight percent per annum.

{¶3} The Risalitis filed for Chapter 7 Bankruptcy, at which point Ousley had then paid $37,366.58 on the land installment contract. Ousley had not missed any payments up to the date of the bankruptcy filing. Ousley and the Bankruptcy Trustee entered into an agreement under which the remaining unpaid balance of the Land Installment Contract was discounted from $87,634.42 to $31,000 due to a decrease in the value of the property. The terms of the agreement were memorialized in a Motion to Compromise Equity in Real Estate which was filed in Case No. 11-63636 by the Trustee. The motion stated the value of the property was approximately $59,800.00 as of December 31, 2011.

{¶4} Appellee Mohn provided financing to Ousley in the amount of $31,000.00, and in return received the mineral rights to the property. On May 3, 2012, the Trustee transferred the Property to Mohn pursuant to a Trustee's Deed recorded in the Stark

County Recorder's Office. Mohn and Ousley executed a Land Contract Agreement (2012 Land Installment Contract), pursuant to which Ousley was to make monthly payments in the amount of $469.16. Ousley made nineteen payments to Mohn under the contract, totaling $9,165.00.

{¶5} Ousley missed several payments under the 2012 Land Installment Contract. Mohn sent Ousley a letter indicating he wished him to come current with payments by January 1, 2015. Ousley stated he would pay $1,250.00 per month in September, October, November and December, in order to come current under the terms of the contract by January 2015. Ousley failed to make the payments as agreed.

{¶6} On September 30, 2014, Mohn filed a complaint in the Canton Municipal Court against Ousley. Ousley filed an answer and a counterclaim seeking damages in the amount of $25,000. The case was transferred to the Stark County Court of Common Pleas.

{¶7} On November 13, 2014, the trial court conducted a hearing on Mohn's claim for forcible entry and detainer. A Magistrate's Decision was issued on January 15, 2015 denying the request for writ of restitution.

{¶8} Mohn filed an objection to the Magistrate's Decision. On April 14, 2015, the trial court issued a Judgment Entry vacating the Magistrate's Decision, and issuing a Writ of Restitution in favor of Mohn.

{¶9} Ousley filed a notice of appeal, assigning as error,

{¶10} "I. THE TRIAL COURT'S JUDGMENT ENTRY VACATING THE MAGISTRATE'S DECISION AND ISSUING APPELLEE A WRIT OF RESTITUTION WAS

AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE FACTS AND CIRCUMSTANCES DO NOT LEND THEMSELVES TO A SUMMARY PROCEEDING.

{¶11} "II. THE TRIAL COURT'S DETERMINATION THAT R.C. 5313.07 IS NOT APPLICABLE TO THE FACTS OF THIS CASE WAS CONTRARY TO LAW."

I. and II.

{¶12} Ousley's assigned errors raise common and interrelated issues; therefore, we will address the arguments together. Ousley asserts the trial court erred in granting the writ of restitution in favor of Mohn.

{¶13} Ousley claims he has a purchase money resulting trust, a constructive trust and an equitable mortgage in the property as a result of the facts and circumstances herein. He argues he had possession of the property prior to Mohn's ownership interest and he had some equitable ownership in the property prior to Mohn's ownership interest. Ousely asserts the beneficial interest of the property is not intended to be enjoyed by Mohn. Ousley maintains the parties intended for him to beneficially enjoy the property and to be the equitable owner of the property. Ousley further maintains Mohn would be unjustly enriched should he retain the property due to Ousley's equity in the property he gained pursuant to both Land Contracts.

{¶14} Ousley further maintains the trial court's determination R.C. 5313.07 is inapplicable to the facts of this case is contrary to law.

{¶15} R.C. 5313.07 provides,

If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum equal

to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in section 2323.07 of the Revised Code. Such action may be commenced after expiration of the period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code. In such an action, as between the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.

Chapter 5313 of the Revised Code does not prevent the vendor or vendee of a land installment contract from commencing a quiet title action to establish the validity of his claim to the property conveyed under a land installment contract nor from bringing an action for unpaid installments.

Chapter 5313 of the Revised Code does not prevent the vendor and vendee from cancelling their interest in a land installment contract under section 5301.331 of the Revised Code.

**{¶16}** Ousley asserts had it not been for the payments he made under the 2008 Land Installment Contract, the purchase price of $31,000.00 offered by the Trustee would not have been made. Accordingly, Ousley argues his previous payments of approximately $37,366.58 must be counted toward determining whether 20% of the purchase price has been paid. When considering this sum, Appellant would be over the twenty-percent threshold needed under R.C. 5313.07.

**{¶17}** Ousley ended the 2008 Land Installment Contract by executing a Termination of Land Installment Contract Land Contract on July 12 during the bankruptcy proceeding.  The document states in relevant part,

>    WHEREAS, it is the intention of Trustee and Ousley to terminate the Land Contract,

>    NOW, THEREFORE, in consideration of One Dollar and other valuable consideration ($1.00 and O.V.C.) the receipt of which is hereby acknowledged, Trustee and Ousley do hereby terminate the Land Contract.

**{¶18}**  The trial court specifically found in its April 14, 2015 Judgment Entry "Ousley had waived any right to tack time or payments made under the 2008 Land Contract to the 2012 Land Contract to satisfy the requirement of R.C. 5313.07" because of the termination agreement.  We agree.

**{¶19}**  We do not find the trial court erred as a matter of law in finding Mohn entitled to the writ of restitution herein.  Ousley waived the right to tack payments under the 2008 Land Installment Contract; therefore, Ousley has not demonstrated twenty percent of the total purchase price of the property and R.C. 5313.07 is inapplicable.  Ousley failed to make the payments as set forth in the 2012 Land Installment Contract, therefore, the trial court correctly granted Mohn's claim for forcible entry and detainer.

{¶20} The April 14, 2015 Judgment Entry of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur